**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CLEAN AIR COUNCIL,
    et al.,

                    Plaintiffs,

    v.

UNITED STATES OF AMERICA,
    et al.,

                   Defendants.

Case No. 2:17-cv-04977-PD

## PLAINTIFFS' MOTION TO REOPEN DISCOVERY FOR PURPOSES OF DEPOSING FORMER SECRETARY OF STATE REX TILLERSON

Recently, former Secretary of State Rex Tillerson commented that President Trump is "pretty undisciplined, doesn't like to read, doesn't read briefing reports, doesn't like to get into the details of a lot of things, but rather just kind of says, 'This is what I believe.'"[1] In a prior statement, former Secretary Tillerson also remarked upon the dangers of "our leaders seek[ing] to conceal the truth" and of people accepting "alternative realities that are no longer grounded in facts."[2] These statements support Plaintiffs' allegations that Defendant Trump and the

---

[1] Aaron Blake, *Rex Tillerson on Trump: 'Undisciplined, doesn't like to read' and tries to do illegal things*, Wash. Post, Dec. 7, 2018, https://www.washingtonpost.com/politics/2018/12/07/rex-tillerson-trump-undisciplined-doesnt-like-read-tries-do-illegal-things/?noredirect=on&utm_term=.9a5be603e4af.
[2] *Id.*

1

current administration disregard the clear science on climate change and have made decisions that are divorced from the imminent harm it will cause. By ignoring the global consensus on climate change and instead advancing "alternative realities" that are not "grounded in facts" and simply following "what [they] believe," Defendants have worsened the harm caused by climate change and made Plaintiffs more vulnerable to its impact, in violation of their due process rights. Because Plaintiffs' situation continues to deteriorate as Defendants' Rollbacks are allowed to progress, Plaintiffs ask that the stay of discovery be lifted to allow Plaintiffs to depose former Secretary Tillerson.

It is important that this discovery be taken now, while the deponent's recollection of relevant events is fresh in his memory, to allow Plaintiffs "to collect time sensitive evidence." *See Pfizer Inc. v. Johnson & Johnson*, No. 17-CV-4180, 2018 WL 1071932, at *2 (E.D. Pa. Feb. 27, 2018). The longer Plaintiffs are required to wait, the more removed relevant events will become in the witness's mind. *Texaco v. Borda*, 383 F.2d 607, 609 (3d Cir.1967) ("[I]t is a fact of life, too, that the memory of events . . . grow dim with the inexorable march of time . . . ."). Furthermore, the relevant factors for considering a stay weigh in favor of lifting the stay to allow this discovery:

> [T]he principal factors are five-fold: (1) the interest of the plaintiffs in
> proceeding expeditiously with this litigation or any particular aspect
> of it, and the potential prejudice to plaintiffs of a delay; (2) the burden
> which any particular aspect of the proceedings may impose on

defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil . . . litigation.

*Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). The continued stay of discovery prejudices Plaintiffs, as the mounting effects of the Rollbacks and the country's ever worsening ability to prepare for those effects will only harm Plaintiffs more with time. On the other hand, any prejudice to defendants would be minimal, as Mr. Tillerson is no longer working in the government. The public also has a strong interest in allowing this discovery, as other members of the public will also be harmed by the Rollbacks. Allowing this deposition will also not burden the Court.

For these reasons, Plaintiffs ask that the discovery stay be lifted to allow Plaintiffs to depose Mr. Tillerson. Additionally, at the status conference Plaintiffs requested in their previous filing, Plaintiffs would also like to discuss deposing former Secretary of the Environmental Protection Agency, Scott Pruitt, and former Secretary of the Interior, Ryan Zinke, both of whom resigned from their positions but possess critical information from their time leading the Defendant agencies.

Dated: December 24, 2018                     Respectfully submitted,

                                             */s/ Michael D. Hausfeld*
                                             Michael D. Hausfeld
                                             Braden Beard
                                             **HAUSFELD LLP**

1700 K Street, NW, Suite 650
Washington, DC 20006
(202) 540-7200
mhausfeld@hausfeld.com
bbeard@hausfeld.com

Katie R. Beran
Molly C. Kenney
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
(215) 985-3270
kberan@hausfeld.com
mkenney@hausfeld.com

Seth R. Gassman
**HAUSFELD LLP**
600 Montgomery Street
Suite 3200
San Francisco, CA 94111
415-633-1908
sgassman@hausfeld.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Michael D. Hausfeld, hereby certify that I caused a true and correct copy of the foregoing Plaintiffs' Motion to Reopen Discovery for Purposes of Deposing Former Secretary of State Rex Tillerson to be served on all counsel of record via CM/ECF on December 24, 2018.

*/s/ Michael D. Hausfeld*
Michael D. Hausfeld