# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **CLEAN AIR COUNCIL,**<br>**et al.,** | Case No. 2:17-cv-04977-PD |
| Plaintiffs, | |
| v. | |
| **UNITED STATES OF AMERICA,**<br>**et al.,** | |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY FOR PURPOSES OF DEPOSING FORMER SECRETARY OF STATE REX TILLERSON

After Defendants filed a motion to dismiss this suit in its entirety, this Court stayed all discovery against the backdrop of Plaintiffs' wholly improper discovery demands. Even though there has been no decision on Defendants' Motion to Dismiss, Plaintiffs now seek to pick up where they left off before the Court entered the stay.  They ask the Court to reopen discovery so they can depose the former

1

Secretary of the Department of State, Rex Tillerson, while his memory of "relevant events" is still fresh.  Plaintiffs also indicate that want to depose two other former cabinet-level officials:  EPA Administrator Scott Pruitt and Secretary of the Department of the Interior, Ryan Zinke.   Plaintiffs leave little doubt that they intend to pursue broad and unnecessarily disruptive discovery if given leave to do so.

This Court should not give Plaintiffs leave to engage in unbridled discovery, and it should deny Plaintiffs' motion for at least three reasons.  First, the Court properly exercised its discretion when it entered the stay.  Defendants' motion to dismiss will likely result in the dismissal of this case, rendering discovery unnecessary.  Moreover, Plaintiffs have not asserted a valid cause of action, because they have not complied with the requirements of the Administrative Procedure Act ("APA"), which Congress established as the exclusive mechanism for challenges to agency action and inaction of the kind that underlies Plaintiffs' claims.  Importantly, the APA generally precludes discovery.  Second, Plaintiffs may not depose a cabinet-level official — even one that is no longer in office — absent a showing of extraordinary circumstances.  Plaintiffs have made no such showing, further undercutting any claim that this Court should lift the stay.  Third, Plaintiffs propose to depose more high-ranking officials, portending an expansive and highly contentious discovery process.   This Court should not expend its

2

resources — or that of the parties — until it assures itself of its jurisdiction.  To this end, defendants also respectfully request that this Court resolve their motion to dismiss.

## **BACKGROUND**

On March 29, 2018, Defendants moved to dismiss this suit.  ECF No. 18. Defendants argued, among other things, that this Court lacked jurisdiction to entertain Plaintiffs' omnibus challenge to actions and inaction by the federal government concerning climate change but, even if jurisdiction did lie, the Administrative Procedure Act ("APA") was the sole vehicle under which this suit could proceed. *Id.*  Defendants concurrently moved to reset the pretrial conference. ECF No. 19.  On April 10, 2018, after Defendants informed Plaintiffs that discovery was improper in this case, Plaintiffs filed a letter with the Court complaining of Defendants' failure to participate in discovery.  ECF No. 24. On April 12, 2018, this Court stayed discovery pending further order of the Court. ECF No. 25.  On December 24, Plaintiffs moved to reopen discovery to depose Secretary Tillerson on the ground that he possesses "relevant" information and that a deposition should be allowed while his recollection "of relevant events is fresh in his memory."  Pls.' Mot. 2, ECF No. 44.  Plaintiffs further noted that they wanted to depose Administrator Pruitt and Secretary Zinke.  *Id.* at 3.

## ARGUMENT

Plaintiffs' Motion to Reopen Discovery is improper on three grounds.

First, this Court properly exercised its discretion when it stayed discovery while Defendants' Motion to Dismiss is pending because that motion raises threshold jurisdictional issues that should be adjudicated before any discovery occurs. *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001) (finding that the decision of whether to stay discovery while a motion to dismiss is pending is within the district court's discretion); *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010).  Plaintiffs do not argue that the Court's exercise of its discretion was improper.  Rather, Plaintiffs rely on a December 7, 2018 Washington Post article characterizing Secretary Tillerson's views of President Trump generally to argue that this Court should lift its stay.  Pls.' Mot. 1-2.  The cited December 7, 2018 Washington Post article neither discusses climate change nor the alleged "Rollbacks" Plaintiffs challenge in this suit.  Rather, Plaintiffs take a couple of Secretary Tillerson's quotes out of context and attempt to link them to their theories about Defendants' climate change policies.  But cherry picking two phrases from presumably much longer statements from Secretary Tillerson is a slim reed on which to base a request to depose a former cabinet-level officer.  In short, a newspaper article with dubious relevance provides little justification for

lifting the stay of discovery and absolutely no credible justification for deposing
Secretary Tillerson.

The Court's stay should remain in place because where, as here, a motion to
dismiss could eliminate discovery or even dispose of a case entirely, the balance
presumptively leans towards the stay of discovery. *Mann*, 375 F. App'x at 239
(noting that "it may be appropriate to stay discovery while evaluating a motion to
dismiss where, if the motion is granted, discovery would be futile." (internal
citations omitted)); *Pfizer Inc. v. Johnson & Johnson*, No. 17-CV-4180, 2018 WL
1071932, at *1 (E.D. Pa. Feb. 27, 2018) (finding the balance leaned towards
staying discovery where a motion to dismiss could dispose of the case); *19th St.
Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D 345, 349 (E.D. Pa. 2000)
(same). Defendants seek dismissal of this action on several grounds —any of
which would dispose of this case and obviate the need for discovery. This alone
justifies the Court's entry of the stay. *See Mann*, 375 F. App'x at 239; *Brown v.
Fisher*, No. 3:CV-14-1305, 2015 WL 1967265, at *1 (M.D. Pa. Apr. 30, 2015).

Moreover, Defendants specifically seek dismissal because Plaintiffs have not
asserted a valid cause of action, because they have not complied with the
requirements of the APA, which Congress established as the sole mechanism for
challenges to agency action and inaction of the kind that underlies Plaintiffs'
claims. Because the APA provides the sole mechanism for Plaintiffs to bring their

claims, "the district court must apply the APA's standards for the scope of review and discovery. . . ." *NVE Inc. v. Dept. of Health and Human Servs.,* 436 F.3d 182, 189 (3d Cir. 2006).  As the Third Circuit has recognized, "[t]here are no grounds in the APA to permit discovery." *Id.* at 195; *see Louisiana Forestry Ass'n v. Solis*, 889 F. Supp. 2d 711, 720 n. 7 (E.D. Pa. 2012); *American Bankers Ass'n v. National Credit Union Admin.*, 513 F. Supp. 2d 190, 200 (M.D. Pa. 2007).  Because a favorable ruling on the Defendants' argument that the APA is the sole vehicle for Plaintiffs to assert their claims would also preclude discovery, this too strongly counsels in favor of this Court staying its hand while Defendants' motion to dismiss is pending.

Plaintiffs nonetheless contend that this Court should lift the stay while Secretary Tillerson's memory of the "relevant events" is still "fresh." Pls.' Mot. 2. Plaintiffs do not specify to which "relevant events" they are referring; nor do they provide any basis for their premise that Secretary Tillerson's memory could fade during the time it will take for this Court to adjudicate Defendants' Motion to Dismiss.[1]  Plaintiffs thus offer this Court no more than mere speculation to justify lifting the stay.  This Court should therefore keep the stay in place.

---

[1] Plaintiffs cite a five-factor test articulated by the court in *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980) as providing the framework for determining whether the court should lift the stay. The *Golden Quality* court addressed the propriety of lifting a stay of civil discovery where there was a parallel criminal proceeding.  The *Golden Quality*

Second, Plaintiffs' motion to reopen discovery and depose former Secretary Tillerson must be denied because litigants may not depose a former cabinet-level official absent a showing of extraordinary circumstances.   Courts generally do not allow the deposition of a cabinet officer.  *See United States v. Morgan*, 313 U.S. 409, 422 (1941); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985).   In that vein, a litigant must demonstrate "extraordinary circumstances" before they may depose a cabinet level official.  *See In re United States*, No. 14-5146, 2014 U.S. App. LEXIS 14134, at *2 (D.C. Cir. July 24, 2014) (per curiam) (granting a writ of mandamus to quash the deposition of the Secretary of Agriculture absent a showing of "extraordinary circumstances"); *In re McCarthy*, 636 Fed. Appx. 142, 143-144 (4th Cir. 2015) (granting a writ of mandamus to quash the deposition of the EPA Administrator absent a showing of "extraordinary circumstances").  As part of that proof, Plaintiffs must establish that the high-ranking official has "unique first-hand knowledge" of the requested information.  *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013).  Where the litigant can obtain the requested information elsewhere, including from lower-ranking government officials, courts will preclude

---

court did not purport to articulate a test for lifting a stay generally in civil cases. Cite standard.  As the Third Circuit explained in *Mann v. Brenner*, the proper focus of any analysis of the propriety of a stay is whether if the motion to dismiss is granted, "discovery would be futile." 375 F. App'x at 239.

the deposition of a high-ranking government official. *See, e.g., In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008) (per curiam); *In re United States*, 197 F.3d 310, 314 (8th Cir. 1999); *Tomaszewski v. City of Philadelphia*, No. 17-4675, 2018 WL 6590826, at *3-*4 (E.D. Pa. Dec. 14, 2018); *Johnson v. Attorney Gen. of the State of New Jersey*, No. 12-4850, 2015 WL 491561, at *3 (D.N.J. Aug. 18, 2015). Plaintiffs fail to specify the "relevant events" about which Secretary Tillerson has knowledge, *see supra*, much less make the required showing of unique first-hand knowledge.

Nor may Plaintiffs seek Secretary Tillerson's deposition simply because he is no longer at the State Department. The limitations on discovery discussed above apply equally to former high-ranking government officials. *See, e.g., FDIC v. Galan-Alvarez*, No. 1:15-mc-00752(CRC), 2015 WL 5602342, at *4 (D.D.C. Sept. 4, 2015); *United States* v. *Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 320 (D.N.J. 2009); *Willingham v. Ashcroft*, 226 F.R.D. 57, 65 (D.D.C. 2005); *see also In re United States*, 542 F. App'x 944, 949 (Fed. Cir. 2013) (suggesting that the requirement would apply in the case of former high-ranking officials). The concerns about litigants abusing discovery to probe the mental processes of high-ranking officials and discouraging upstanding individuals from entering public service apply regardless of whether the official is still in office. *FDIC*, 2015 WL 5602342, at *4; *United States v. Wal-Mart Stores*, No. CIV A PJM-01-CV-152,

2002 WL 562301, at *3-*4 (D.Md. March 29, 2002); *see also Buono v. City of Newark*, 249 F.R.D. 469, 470 n.2 (D.N.J. 2008).  Thus, Plaintiffs' request that this Court lift the stay to allow discovery to which they have no legal entitlement is presumptively invalid and should therefore be denied.

Finally, the motion should be denied because allowing the requested discovery would impose an undue burden on the United States.  As explained above, Plaintiffs do not seek run-of-the mill discovery but rather move to depose several-high ranking officials.  In addition to Secretary Tillerson, Plaintiffs indicate that they want to depose two other former cabinet-level officers: former EPA Administrator, Scott Pruitt and former Secretary of the Department of the Interior, Ryan Zinke.  Plaintiffs note that these former officials "possess critical information from their time leading the Defendant agencies."  Pls.' Mot. 3.  Although they are unclear as to the precise "critical information" Secretary Zinke and Administrator Pruitt allegedly possess, Plaintiffs are clear in their intentions: they want to probe the energy-related decisions of the current Administration.  This is an abuse of the discovery process.  *See Morgan*, 313 U.S. at 422; *see also Nat'l Labor Relations Board v. Baldwin Locomotive Wokrs*, 128 F.3d 39, 47 (3d Cir. 1942) (cautioning against "prob[ing] the mental processes of an administrative officer" in adjudicating a decision).  Plaintiffs' proposed depositions of former high-ranking officials would most certainly lead to protracted motion practice on the propriety of

9

such depositions.  The inevitable briefing on whether these depositions may take place would be unnecessary should the Court grant the Defendants' Motion to Dismiss on jurisdictional grounds, or for failure to invoke the private right of action in the APA and conform to the APA's procedural requirements.  For this reason, Defendants also respectfully request that this Court resolve their motion to dismiss.

Against the backdrop of their request to depose three high-ranking officials, Plaintiffs do not offer any particularized showing of harm because of the stay.  At most, Plaintiffs make the unsupported assertion that they are "more vulnerable" to the impacts of climate change because of certain unspecified acts of Defendants. Pls.' Mot. 2.  But this bare allegation about *Plaintiffs' vulnerability to impacts* fails to connect the time-limited stay imposed by the Court with any concrete time-sensitive harm to Plaintiffs that would warrant lifting the stay.   *Pfizer Inc.*, 2018 WL 1071932, at *2 (noting "the absence of a particularized harm" to plaintiffs weighed in favor of a stay). Plaintiffs should therefore await the Court's decision on the Defendants' Motion to Dismiss before seeking discovery.

## <u>CONCLUSION</u>

Plaintiffs have not shown—and presumably cannot show—that this Court's stay of discovery was in error or that circumstances have so changed as to warrant

lifting the stay.  This Court should deny Plaintiffs' motion to lift the stay and

reopen discovery.

Respectfully submitted this 7th day of January, 2019.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

*/S/ Marissa Piropato*
MARISSA A. PIROPATO
Trial Attorney, Massachusetts Bar No. 651630
SEAN C. DUFFY
Trial Attorney, New York Bar No. 651630
CLARE BORONOW
Trial Attorney, Maryland Bar
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel | (202) 305-0470
Fax | (203) 305-0506

CERTIFICATE OF SERVICE

I, Marissa Piropato, hereby certify that, on January 7, 2019, I caused the

foregoing to be served upon counsel of record through the Court's electronic

service system.

Dated:  January 7, 2019   /s/*Marissa Piropato*
                          Marissa Piropato